UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERICK H. SHULL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-0463-TWP-WGH |
| ) | |
| WILLIAM R. CAST, et al., ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISCUSSING MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

For the reasons explained in this Entry, the Defendants' Motion to Dismiss the Fourth Amended Complaint is granted in part and denied in part.

## I. BACKGROUND

Frederick H. Shull, Jr., has sued Indiana University ("IU"), its Trustees, administrators and administrative assistants. Shull alleges that the IU School of Medicine (IUSM) discriminated against him in 2009 and in 2010 by denying him the opportunity to apply to the IUSM's Master of Science in Medical Science (MSMS) and Medical Doctorate (MD) programs solely on the basis of his race.

The operative pleading setting forth his claims is his Fourth Amended Complaint ("FAC") filed on October 27, 2010. The Defendants collectively, have appeared by counsel and have filed a Motion to Dismiss Plaintiff's FAC (Dkt. No. 74) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

When evaluating a motion to dismiss such as filed by the Defendants, the court takes all facts alleged in the complaint as true and makes all reasonable inferences in favor of the non-

moving party. *Pisciotta v. Old National Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). It is not required that a complaint state detailed factual allegations; however, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2004). In other words, the complaint must include enough facts to state a claim of relief which is "plausible on its face." *Id.* at 570. A claim is facially plausible if the complaint contains facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

The twenty (20) Defendants have created a chart cataloging the counts in the FAC with the cause of action which is asserted and the particular Defendant(s) against whom the claim is asserted. The Court's version of this chart is the following:

| Count | Cause of Action | Defendant(s) |
|---|---|---|
| 1 | disregard of the duty against criminal counterfeiting | All except Brutkiewicz |
| 2 | disregard of duty against criminal official misconduct | All |
| 3 | incompetent implementation of academic programs which are racially discriminatory or unfairly administered | All |
| 4 | disregard of affirmative duty to protect Plaintiff from biased or unfair conduct from agents of IU | All |
| 5 | disregard of duty against Indiana's criminal violation of civil right | All except Brutkiewicz |
| 6 | 42 U.S.C. § 1983 – deprivation of right to equal protection on basis of race and equal treatment under the law | All |
| 7 | disregard of duties imposed by 18 U.S.C. § 242 | All except Brutkiewicz |
| 8 | disregard of duties imposed by 18 U.S.C. § 241 | All except Brutkiewicz |
| 9 | failing to consider Plaintiff's 2009 applications to IU School of Medicine in unbiased, fairly administered and nondiscriminatory manner | Agbor-Baiyee, Matthews, Smartt and IU |
| 10 | failing to consider Plaintiff's 2009 applications to IU School of Medicine in unbiased, fairly administered and nondiscriminatory manner | Agbor-Baiyee, Matthews, Smartt and IU |
| 11 | failing to consider Plaintiff's 2010 applications to IU School | All except Brutkiewicz |

|    | of Medicine in unbiased, fairly administered and nondiscriminatory manner |                                  |
|----|--------------------------------------------------------------------------|----------------------------------|
| 12 | failing to consider Plaintiff's 2010 applications to IU School of Medicine in unbiased, fairly administered and nondiscriminatory manner | All except Brutkiewicz |
| 13 | breach of affirmative duty to protect Plaintiff from racial discrimination | All except Brutkiewicz |
| 14 | breach of affirmative duty to protect Plaintiff from racial discrimination | All except Brutkiewicz |
| 15 | failing to properly train and supervise IU employees with regard to racial discrimination and unbiased conduct | All except Brutkiewicz and Smart |
| 16 | breach of duty to implement and conduct academic programs that are unbiased, fairly administered and nondiscriminatory | All |
| 17 | breach of duty to implement and conduct academic programs that are unbiased, fairly administered and nondiscriminatory | All |

The defendant individuals are sued in both their individual and their official capacities.

Certain principles operate generically here, separate from the individual counts in the FAC. "[A] suit against a[n] ... official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, claims against the Defendant individuals are in all respects other than name, against IU. Insofar as Shull seeks damages those claims are, moreover, duplicative of the claim against IU itself. For that reason, **the official capacity claims for damages against the defendant individuals must be dismissed.**

IU is entitled to partake of Indiana's immunity under the Eleventh Amendment as to the claims asserted against it. *Peirick v. Indiana University-Purdue University Indianapolis Athletics Dept.,* 510 F.3d 681, 695 (7th Cir. 2007). The Defendants' argument that Shull's claim for injunctive relief is moot must be rejected. The reason for this ruling is that Shull applied for admission to the IUSM and to the MSMS program in the past and states that he may do so again in the future. His acceptance at a different school does not render it implausible that he will seek

a transfer.

The request for prospective injunctive relief cannot be pursued against IU directly, but must be brought pursuant to the theory recognized in *Ex parte Young,* 209 U.S. 123, 159-60 (1908). Such a claim is brought against a state official in his or her official capacity only. *Greenawalt v. Indiana Dept. of Corrections*, 397 F.3d 587, 589 (7th Cir. 2005) (noting that 42 U.S.C. § 1983 "does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity") (citing *Luder v. Endicott,* 253 F.3d 1020, 1024-25 (7th Cir. 2001)). Again, however, redundancy will be eliminated. Accordingly, the claim for prospective injunctive relief will remain as to the defendants who are IU Trustees and in their official capacities only, and will be dismissed as to the remaining Defendants.

Further, the Court finds that the FAC states a plausible claim that the IUSM had and practiced a racially discriminatory admissions policy for the IUSM and for the MSMS program. Certain of the claims, however, are not based on a right to recover associated with these allegations and with others in the FAC.

Shull was not admitted to the IUSM for either the MD program or the MSMS program. There is no plausible allegation that a contract existed between IU and Shull. The Court construes Counts 10, 14, 16, and 17 of the FAC as alluding to an alleged breach of contract. The counts premised on a breach of contract are dismissed.

The Court likewise denies Shull's request in his response to the motion to dismiss to further amend the complaint to add claims for breach of contract, because any such claim would not survive a motion to dismiss. S*ee, e.g., Arlin–Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.,* 600 F.3d 742, 747 n.5 (7th Cir. 2010).

There is no private cause of action associated with the statutes or the harm specified in Counts 1, 2, 5, 7, and 8. These counts are dismissed.

Counts 3, 4, 9, 11, 12, 13, and 15 are duplicative of the claim asserted in Count 6 and are to a large extent downright hyperbole.  These counts are dismissed.

## IV.  CONCLUSION

The Motion to Dismiss [Dkt 74] is **GRANTED in part and DENIED in part**, consistent with the following:

1. All claims against Indiana University are dismissed.

2. All official capacity claims in which damages are sought are dismissed.

3. The claim for prospective injunctive relief shall proceed only against the Defendants who are IU Trustees and against them only in their official capacities. These are Defendants William R. Cast, Patrick A. Shoulders, Philip N. Eskew, Jr., Stephen L. Ferguson, Jack M. Gill Thomas E. Reilly, Jr., Abbey R. Stemler, and Sue H. Talbot.

4. Claims asserted in Counts 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the FAC are dismissed.

5. The claim in Count 6 shall proceed against the defendant individuals in their individual capacities only and for damages only.

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

SO ORDERED.

DATE:  09/19/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Frederick H. Shull, Jr.
1008 West Third Street
Connersville, Indiana  47331

Michael Rosiello
Barnes & Thornburg LLP
mike.rosiello@btlaw.com

Scott E. Murray
Barnes & Thornburg LLP
smurray@btlaw.com